IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rackim Lavan Williams, | ) | C/A: 8:12-365-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Capt. P. Jones; Capt. A. Wilson; Sgt. H. Wright; Lt. S. Toland; Sgt. R. Brown; Lt. E. Hambrick; and Lt. K. Parker, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This is an action by the plaintiff, Rackim Lavan Williams, against several correctional officers at the Broad River Correctional Institution. Plaintiff, who was incarcerated BRCI at the time, contends that the defendants used excessive force when removing him from his cell. He asserts claims for relief under 42 U.S.C. § 1983.

The defendants have moved for summary judgment.[1] The Magistrate Judge assigned to this action[2] has issued a comprehensive Report and Recommendation in which she recommends that: (1) defendants are not entitled to summary judgment because of plaintiff's failure to exhaust his remedies; (2) that the defendants, in their official capacities, should be

---

[1] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

granted summary judgment under the Eleventh Amendment immunity; and (3) as to the excessive force claim, genuine issues of material fact are present and that summary judgment should be denied for this reason. Further, the Magistrate Judge opines that qualified immunity is inappropriate because the facts are in dispute and the matter should therefore be tried to a jury.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. The parties were notified of their right to file objections to the Report and Recommendation and the defendants have timely objected to all aspects of the Report and Recommendation adverse to them.

After carefully reviewing the objections, and conducting the required *de novo* review, the court agrees with the Magistrate Judge in every respect. Accordingly, all objections are overruled. Defendants' motion for summary judgment (ECF No. 34) is granted as to the defendants in their official capacities and denied as to the defendants in their individual capacities. The claims remaining in this case against the defendants in their individual capacities shall be tried before a jury during the May/June 2013 term of court, with jury selection set for May 7, 2013.

In accordance with the Recommendation of the Magistrate Judge, the court hereby appoints Lexington attorney Amanda Pittman to represent the plaintiff at trial. Ms. Pittman's duties shall be limited to attending the pretrial conference, selecting the jury, and trying the case. In other words, discovery will not be re-opened because of the appointment of counsel for the plaintiff.

The court will conduct a pretrial conference in Courtroom No. IV of the Matthew J. Perry, Jr. Federal Courthouse, 901 Richland Street, Columbia, South Carolina at 10:00 a.m. on Tuesday, April 16, 2013. The Clerk is requested to send a copy of this order to Ms. Pittman and also to the South Carolina Department of Corrections. Upon receipt of this order, the SCDC is respectfully requested to have the plaintiff, Rackim Lavan Williams, transported to the courthouse at 10:00 a.m. on **April 16, 2013**, for the pretrial conference.

Mr. Williams is advised by way of this order that he should come to the pretrial conference prepared to provide to Ms. Pittman the identity of all witnesses that he wishes to have called on his behalf at the trial. He shall also bring with him all documentation he intends to introduce by way of evidence at the trial.

Jury selection will take place at 9:30 a.m. on Tuesday, May 7, 2013. If the court does not have a large number of additional juries to draw, it is the court's intention to begin the trial of this case immediately following jury selection on May 7.

IT IS SO ORDERED.

March 20, 2013                              Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

3