IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rackim Lavan Williams,<br><br>        Plaintiff,<br><br>vs.<br><br>Captain Percy Jones; Captain Aaron Wilson; Sergeant Herman Wright; Lieutenant Scotty Toland; Sergeant Randall Brown; Edwin Hambrick; and Kenneth Parker,<br><br>        Defendants. | C/A No. 3:12-cv-00365-JFA<br><br>**ORDER** |

On May 28–29, 2013, this court presided over a trial by jury of the above-captioned case. The jury found in favor of Plaintiff against Defendant Percy Jones and awarded actual damages of $1.00. The jury awarded nothing against the other six defendants and did not award punitive damages.

This matter is now before the court on Plaintiff's motions for a new trial nisi additur, for a new trial on damages, and for attorneys' fees and costs against Defendant Jones. *See* ECF Nos. 121–23. Having reviewed the motions, Defendants' responses thereto, the applicable law, and the record in this case, the court finds that the new trial motions should be denied. The court further finds that the motion for attorneys' fees and costs should be granted, in part, and denied, in part.

The court first turns to Plaintiff's motions for a new trial. Other than the relief they seek, these motions appear to be identical, in both cases asserting that the jury's verdict "was grossly inadequate and contrary to the fair preponderance of the evidence." Because Plaintiff has not withdrawn his first new trial motion in favor of his second, however, the court will address both. In his first new trial motion, Plaintiff requests that this court increase the verdict to $1,000.00.

This request is denied. It is well-settled that although a federal court may grant a new trial because of an inadequate verdict, *see* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2816 (3d ed. 2010), the Seventh Amendment prohibits the court from increasing the damages awarded by the jury by use of additur, *Dimick v. Schiedt*, 293 U.S. 474, 486–87 (1935).

In his second new trial motion, Plaintiff seeks a new trial on damages only under FED. R. CIV. P. 59(a). In relevant part, this rule provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." In this regard, it is "the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." *Williams v. Nichols*, 266 F.2d 389, 392 (4th Cir. 1959) (citation omitted). However, "granting or denying a new trial, either for excessiveness or inadequateness of the verdict, is discretionary with the trial court." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 511 F.2d 839, 846 (4th Cir. 1975). In this regard, this court is mindful that "the weight of evidence and the credibility of witnesses is solely within the province of the jury." *Id.* at 844 (citation omitted).

Although Plaintiff cites no case law supporting his motion, he argues that this court should grant a new trial on damages because the jury's verdict is grossly inadequate in view of evidence that Defendant Jones acted in a "malicious and sadistic" manner. For example, Plaintiff contends that Defendant Jones decided not to use a video camera to record the extraction, contrary to South Carolina Department of Corrections policy. Plaintiff emphasizes

that Defendant Jones made this decision even though Defendant Jones did not know until *after* the extraction that the batteries on the video camera had died.

The court disagrees. There is no evidence that the jury's verdict was not the result of honest judgment, especially in view of the many disputed issues of fact presented at trial. For example, several other of the Defendants participated in the extraction of Plaintiff, and the jury found in their favor. These findings somewhat diminish the evidence Plaintiff argues shows Defendant Jones acted with excessive force. Further, the fact that Defendant Jones failed to record the extraction in violation of prison policy does not, standing alone, result in a constitutional violation. *See, e.g.*, *Wallace v. Alvin S. Glenn Detention Center*, 2008 WL 2066407, at *6 (D.S.C. May 13, 2008) (citing cases). Moreover, there was ample evidence of Plaintiff's medical history from which the jury could have concluded that Plaintiff suffered minor, or no, injuries as a result of the extraction.

In short, this court is of the firm opinion that the jury fairly and adequately weighed the evidence in this case, including the credibility of the witnesses who testified. After a careful review of the record, and having had the opportunity to observe the witnesses at trial, it is this court's view that the jury's verdict is neither grossly inadequate nor against the clear weight of the evidence. Moreover, the verdict is likewise not based on evidence that is false and will not result in a miscarriage of justice. Consequently, Plaintiff's second new trial motion is also denied.

Finally, Plaintiff has moved for attorneys' fees and costs against Defendant Jones. Taking the issue of costs first, the court agrees that Plaintiff is a prevailing party as against Defendant Jones only. *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992). In such a case, FED. R.

CIV. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Accordingly, the court awards Plaintiff costs in the amount specified in Plaintiff's motion, $147.21, against Defendant Jones.

Plaintiff has also requested that the court award $13,670.00 in attorneys' fees against Defendant Jones only[1] for the work of Plaintiff's appointed counsel, Miss Amanda Pittman, and another attorney, Mr. Thomas Cofield. For the reasons discussed below, this request is denied. Plaintiff brings this motion pursuant to 42 U.S.C. § 1988, subsection (b) of which provides that in an action to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In *Farrar*, the Supreme Court discussed whether an award of attorneys' fees under § 1998 is proper where, as here, the jury awards a plaintiff only nominal damages. According to the Court, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (citations omitted). Further, "[h]aving considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Id.* Importantly, "[w]hatever the constitutional basis for substantive liability, damages awarded in a § 1983 action 'must always be designed to *compensate injuries* caused by the [constitutional] deprivation.'" *Id.* (citations omitted). And finally, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at

---

[1] 42 U.S.C. § 1988 does not authorize a fee award against the other Defendants against whom Plaintiff did not prevail. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

all." *Id.*  Based on the Supreme Court's holding in *Farrar* and subsequent Fourth Circuit cases, this court finds that an award of attorneys' fees in this case is inappropriate in light of Plaintiff's only nominal success against Defendant Jones and the insubstantial evidence of compensable injury to Plaintiff.  *See Kebe v. Brown*, 91 Fed. App'x 823, 829 (4th Cir. 2004); *Johnson v. City of Aiken*, 278 F.3d 333, 339 (4th Cir. 2002); *Norwood v. Bain*, 2000 WL 731371, at *4 (4th Cir. June 8, 2000).

      IT IS SO ORDERED.

July 1, 2013                                      Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge